UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: NUTRAMAX COSAMIN MARKETING AND
SALES PRACTICES LITIGATION  MDL No. 2498

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, common defendant Nutramax Laboratories, Inc. (Nutramax) moves to centralize this litigation in the Central District of California, or, in the alternative, the District of Maryland. The litigation consists of the three actions listed on Schedule A, which are pending in the Southern District of California, the Southern District of Florida, and the Northern District of Illinois, respectively. Rite Aid Corporation and Wal-Mart Stores, Inc., both of which are defendants in only the Southern District of California action, support the motion. Plaintiffs in all three actions, however, submitted a joint response opposing centralization. Plaintiff in a potential tag-along action, which is pending in the Southern District of New York, also opposes centralization.[1]

In opposing centralization, plaintiffs argue, *inter alia*, that there are only a few involved actions; the common factual issues are not especially complex; and plaintiffs' counsel have agreed to cooperate in avoiding duplicative pretrial activity. After careful consideration of the record, however, we are not persuaded by these arguments. Indeed, the record demonstrates that complex scientific issues concerning the effectiveness of the involved Nutramax joint health products (Cosamin DS and/or Cosamin ASU) lie at the heart of this litigation. Plaintiffs allege that the scientific evidence, including various clinical studies, demonstrates that glucosamine hydrochloride and chondroitin sulfate – key ingredients in both Cosamin products – do not provide the joint health benefits advertised by Nutramax. In our view, extensive expert discovery likely will be required, as will one or more *Daubert* hearings. In addition, the proposed multistate class in the Northern District of Illinois action overlaps with the proposed state classes in the Southern District of Florida and Southern District of New York actions.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the District of Maryland will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual issues arising from allegations that Nutramax has made false and misleading advertising claims regarding the two Cosamin products. Centralization will eliminate

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] That action and any other related federal actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

duplicative discovery, prevent inconsistent pretrial rulings (in particular with respect to class certification and discovery issues), and conserve the resources of the parties, their counsel and the judiciary.

After weighing all factors, we have selected the District of Maryland as transferee district for this litigation.[2] This district provides a geographically central forum for this nationwide litigation, and is convenient and accessible for the parties and witnesses. Nutramax is headquartered in the district, and thus relevant documents and potential witnesses are likely to be found there. Selection of the District of Maryland also enables us to assign this litigation to the transferee judge who will preside over MDL No. 2491, In re: GNC Corp. TriFlex Products Marketing and Sales Practices Litigation (No. II), which we are centralizing via a separate order entered this same date. Similar to this docket, MDL No. 2491 implicates issues concerning the effectiveness of glucosamine hydrochloride and chondroitin sulfate in promoting joint health. Judge J. Frederick Motz, to whom we assign the litigation, is an experienced transferee judge. We are confident he will steer this litigation on a prudent course.[3]

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Maryland are transferred to the District of Maryland and, with the consent of that court, assigned to the Honorable J. Frederick Motz for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro      Charles R. Breyer
Lewis A. Kaplan      Sarah S. Vance
Ellen Segal Huvelle

---

[2] Although no constituent action is currently pending in the District of Maryland, that is not an impediment to its selection as the transferee district. *See In re: BP p.l.c. Sec. Litig.*, 734 F. Supp. 2d 1376, 1379 (J.P.M.L. 2010).

[3] We express no view on the degree, if any, to which pretrial proceedings in this docket should be coordinated with those in MDL No. 2491. That is a matter for the transferee judge to determine. *See In re: Gerova Fin. Group, Ltd., Sec. Litig.*, 816 F. Supp. 2d 1381, 1382 (J.P.M.L. 2011).

IN RE: NUTRAMAX COSAMIN MARKETING AND
SALES PRACTICES LITIGATION        MDL No. 2498

## SCHEDULE A

<u>Southern District of California</u>

Robert Dorfman v. Nutramax Laboratories, Inc., et al., C.A. No. 3:13-00873

<u>Southern District of Florida</u>

Demetri Spencer, et al. v. Nutramax Laboratories, Inc., et al., C.A. No. 1:13-21289

<u>Northern District of Illinois</u>

Chad Conrad v. Nutramax Laboratories, Inc., C.A. No.1:13-03780